## Mu Theta of Tau Kappa Epsilon
## v. Lycoming College

*David R. Bahl,* for plaintiff.
*Nathan W. Stuart,* for defendant.

RAUP, *J.,* September 21, 1976 — Before the court are the preliminary objections of defendants in the nature of a demurrer.

The complaint was filed in equity and alleges the following facts:

Plaintiff is a chapter of a national fraternity and has been in existence since 1969. Its active membership is composed of students of Lycoming College. On April 30, 1969, the acting president of Lycoming College authorized plaintiff "to move off campus and purchase a dwelling house; because of zoning specifications and lack of available housing in close proximity, this purchase became difficult and therefore plaintiff requested and received permission from defendant Lycoming College to live permanently in rented quarters." Plaintiff rented a building on East Third Street in Williamsport which occupancy has continued until the present date. The membership of the fraternity has engaged in various projects since 1969 to renovate and improve the facility. On or about July 2, 1975, Lycoming College notified the fraternity that the

Lycoming College Executive Committee had directed that "effective with the 1976-1977 academic year, the College's residents' policy will permit students to live off campus in private housing or in fraternity houses only to the extent that the number of resident students exceeds the capacity of the residents halls." The college has advanced several reasons in justification of this decision: a reduction in enrollment precluding the possibility of keeping the college's residence halls filled; an alleged illegality under Federal law in permitting members of the fraternity to reside off campus; and general philosophic considerations and attitudes of various members of the administration of the college.

The Guidepost, a student handbook published by the college, has from 1972 through 1976 articulated the following general housing policy of the college:

"It is the purpose of Lycoming College to provide varied opportunities for differing kinds of living experiences for its students, to the extent possible.

"(a) The principal means by which Lycoming College attempts to meet this obligation is by providing residence halls on its campus that are owned, governed and supervised by the College . . .

"(b) The second means by which Lycoming College provides varied living experiences is through the opportunity for organized fraternal groups to purchase and operate their own independent house off campus . . ."

The complaint initially asserts that the above action by the college has "violated procedural due process to which plaintiff is entitled, as well as acting to deny them equal protection of the law," and "violates the constitutional rights of each member of plaintiff, Mu Theta of Tau Kappa Epsi-

lon to privacy, association with others and the freedom to live where one chooses." The court sees no constitutional issues raised by the complaint and to the extent that the complaint purports to be based upon such constitutional infringement, the demurrer will be granted.

The remaining theory of plaintiffs which may be gleaned from the complaint is this. The college, in the manner set forth above, represented in 1969 and has reaffirmed in the student handbooks of 1972 through 1976 that organized fraternal groups may live off campus. Relying on those representations, the college students who are members of the fraternity have rented and have engaged in projects to renovate and improve the fraternity house, all presumably with the knowledge and blessings of the college. The fraternity argues that contract and equity principles now prevent the college from effectuating the new residence policy, and accordingly, the fraternity requests that the college be enjoined from applying the proposed residence regulations and be directed to permit the fraternity members to retain their present fraternity building and off-campus residency status.

The complaint alleges that the college granted the fraternity permission "to live permanently in rented quarters." However, such an offer standing alone would not entitle plaintiff to the relief requested. There was no allegation that the fraternity has incurred expenditures or undertaken obligations with the knowledge of and in reasonable reliance upon such an assurance. In the absence of allegations of conduct by the fraternity which would ripen the alleged "offer" into a contract, it would appear that the college was at liberty to change its housing policy.

We are satisfied that the complaint does not allege a claim upon which relief can be granted. However, the fraternity plaintiff will be allowed an opportunity to amend the complaint to more specifically set forth the claim, if it chooses to do so. This opportunity is granted in recognition that facts might exist which would permit some relief to the fraternity plaintiff. (If for example, the fraternity had committed itself to a lease for the coming academic year prior to the change of housing policy, and if that fact were known by the college or countenanced by its former housing policy, the fraternity may be entitled to equitable relief for the coming semester or academic year.)

### ORDER

And now, September 21, 1976, the preliminary objections in the nature of a demurrer are granted, and the complaint is dismissed without prejudice on the part of plaintiff to file an amended complaint.